

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

IVAN JAMES RACHARD MARSHALL

    aka Ivo,

    Defendant.
_____/

Case:2:20-mj-30133
Judge: Unassigned,
Filed: 03-16-2020 At 12:13 PM
USA v. IVAN MARHSAL (RMV)(MLW)

## GOVERNMENT'S PETITION
## FOR TRANSFER OF DEFENDANT TO
## ANOTHER DISTRICT AND SUPPORTING BRIEF

Pursuant to Rule 5(c)(3)(D) of the Federal Rules of Criminal Procedure, the United States of America hereby petitions the Court for an amended order transferring defendant IVAN JAMES RACHARD MARSHALL answer to charges pending in another federal district, and states:

1. On or about March 13, 2020, defendant was arrested in the Eastern District of Michigan in connection with a federal arrest warrant issued in the District of North Dakota based on an Indictment.

2. Rule 5 requires this Court to determine whether defendant is the

1

person named in the arrest warrant described in Paragraph One above. *See* Fed. R. Crim. P. 5(c)(3)(D)(ii).

WHEREFORE, the government requests this Court to conduct transfer proceedings in accordance with Rule 5 of the Federal Rules of Criminal Procedure.

Respectfully submitted,

Matthew Schneider
United States Attorney

Robert VanWert
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI    48226-3211
robert.vanwert@usdoj.gov
(313) 226-9776

Date:

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JAMES WILLIAM QUARLES,<br>a/k/a JAY ROCK;<br>CARLEEN COUNTS,<br>a/k/a BIG CAR;<br>ANDREW AARON BRASWELL;<br>JOSHUA ROBERT LILLEY;<br>MICAH PHAREZ MARTIN,<br>a/k/a LIL PAT;<br>IVAN JAMES RACHARD MARSHALL,<br>a/k/a IVO;<br>ROGER RACHON COOLEY;<br>WYATT ANDREW PARISIEN; and<br>ANDREA BELGARDE | **INDICTMENT**<br><br>Case No. 3:19-CR-137<br><br>Violations: 18 U.S.C. §§ 875(a),<br>981(a)(1)(C), 982(b)(1), 1028(g),<br>1201(a)(1), 1512(b)(1), 1956(a)(1)(A)(i),<br>1956(a)(1)(B)(i), 1956(h), and 2; and 21<br>U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846,<br>853(p), and 856; and 28 U.S.C. § 2461(c) |

## COUNT ONE

**Conspiracy to Possess with Intent to Distribute and
Distribute a Controlled Substance**

The Grand Jury Charges:

From in or between May 2016 to the date of this Indictment, in the District of

North Dakota, and elsewhere,

JAMES WILLIAM QUARLES, a/k/a JAY ROCK;
CARLEEN COUNTS, a/k/a BIG CAR;
ANDREW AARON BRASWELL;
JOSHUA ROBERT LILLEY;
MICAH PHAREZ MARTIN, a/k/a LIL PAT;
IVAN JAMES RACHARD MARSHALL, a/k/a IVO;
ROGER RACHON COOLEY;
WYATT ANDREW PARISIEN; and
ANDREA BELGARDE

did knowingly and intentionally combine, conspire, confederate, and agree together and with others, both known and unknown to the grand jury, to possess with intent to distribute and distribute a mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## Overt Acts

In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the conspirators committed the following overt acts:

1. It was a part of said conspiracy that one or more of the conspirators transported oxycodone, a Schedule II controlled substance, from the State of Michigan into the State of North Dakota;

2. It was a part of said conspiracy that one or more conspirators would and did distribute and possess with intent to distribute a mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance, in and near Belcourt, North Dakota, and elsewhere, including but not limited to the following:

   a. On or about January 20, 2017, CARLEEN COUNTS, a/k/a BIG CAR, individually, and by aiding and abetting, distributed approximately 3 pills of a mixture and substance containing oxycodone in Belcourt, North Dakota;

   b. On or about April 7, 2017, CARLEEN COUNTS, a/k/a BIG CAR, individually, and by aiding and abetting, distributed approximately 3 pills of a mixture and substance containing oxycodone in Belcourt, North Dakota;

2

c. On or about June 6, 2017, CARLEEN COUNTS, a/k/a BIG CAR; MICAH PHAREZ MARTIN, a/k/a LIL PAT; and IVAN JAMES RACHARD MARSHALL, a/k/a IVO, individually, and by aiding and abetting, distributed approximately 2½ pills of a mixture and substance containing oxycodone in Belcourt, North Dakota;

3. It was further a part of said conspiracy that certain conspirators distributed oxycodone, a Schedule II controlled substance, to another person;

4. It was further a part of said conspiracy that certain conspirators sought and located users of oxycodone, a Schedule II controlled substance, to purchase controlled substances from other conspirators;

5. It was further a part of said conspiracy that certain conspirators sought and located sub-distributors of oxycodone, a Schedule II controlled substance, for other conspirators;

6. It was further a part of said conspiracy that ANDREA BELGARDE introduced JAMES WILLIAM QUARLES, a/k/a JAY ROCK, and others for the purpose of further distributing oxycodone, a Schedule II controlled substance, in and near Belcourt, North Dakota, and elsewhere;

7. It was further a part of said conspiracy that CARLEEN COUNTS, a/k/a BIG CAR, ANDREW AARON BRASWELL, JOSHUA ROBERT LILLEY, and others did occupy houses in and about Belcourt, North Dakota, and elsewhere, from which to store, possess, and distribute oxycodone, a Schedule II controlled substance;

8. It was further a part of said conspiracy that the defendants and others would and did attempt to conceal their activities;

3

9. It was further a part of said conspiracy that one or more conspirators possessed firearms to protect their supply of controlled substances and their drug trafficking activity;

10. It was further a part of said conspiracy that JAMES WILLIAM QUARLES, a/k/a JAY ROCK, did kidnap and hold for ransom J.C. until repayment of lost drug proceeds;

11. It was further a part of said conspiracy that the defendants and others would and did use United States currency and other forms of currency in their drug transactions;

12. It was further a part of said conspiracy that the defendants and others would and did use telecommunication facilities, including cellular telephones, to facilitate the distribution of controlled substances; and

13. It was further a part of said conspiracy that one or more conspirators collected money from other persons to purchase a mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance;

All in violation of Title 21, United States Code, Section 846; Pinkerton v. United States, 328 U.S. 640 (1946).

## COUNT TWO

### Maintaining a Drug-Involved Premise

The Grand Jury Further Charges:

From in or about Fall of 2016 through the date of this Indictment, in the District of North Dakota,

      CARLEEN COUNTS, a/k/a BIG CAR, and
      ANDREW AARON BRASWELL

knowingly opened, leased, rented, used, and maintained any place, whether permanently or temporarily, for the purpose of manufacturing, distributing, and using oxycodone, a Schedule II controlled substance;

In violation of Title 21, United States Code, Section 856, and Title 18, United States Code, Section 2.

## COUNT THREE

**Distribution of a Controlled Substance - Oxycodone**

The Grand Jury Further Charges:

On or about January 20, 2017, in the District of North Dakota,

CARLEEN COUNTS, a/k/a BIG CAR,

individually, and by aiding and abetting, knowingly and intentionally distributed approximately 3 pills of a mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

6

## COUNT FOUR

**Distribution of a Controlled Substance - Oxycodone**

The Grand Jury Further Charges:

On or about April 7, 2017, in the District of North Dakota,

CARLEEN COUNTS, a/k/a BIG CAR,

individually, and by aiding and abetting, knowingly and intentionally distributed approximately 3 pills of a mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT FIVE

**Distribution of a Controlled Substance - Oxycodone**

The Grand Jury Further Charges:

On or about June 2, 2017, in the District of North Dakota,

> CARLEEN COUNTS, a/k/a BIG CAR;
> MICAH PHAREZ MARTIN, a/k/a LIL PAT; and
> IVAN JAMES RACHARD MARSHALL, a/k/a IVO,

individually, and by aiding and abetting, knowingly and intentionally distributed approximately 2½ pills of a mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT SIX

### Maintaining a Drug-Involved Premise

The Grand Jury Further Charges:

From in or about 2018 through the date of this Indictment, in the District of North Dakota,

### JOSHUA ROBERT LILLEY

knowingly opened, leased, rented, used, and maintained any place, whether permanently or temporarily, for the purpose of manufacturing, distributing, and using oxycodone, a Schedule II controlled substance;

In violation of Title 21, United States Code, Section 856, and Title 18, United States Code, Section 2.

## COUNT SEVEN

### Money Laundering Conspiracy

The Grand Jury Further Charges:

Beginning in or about 2016 and continuing until in or about February 2019, in the District of North Dakota, and elsewhere,

JAMES WILLIAM QUARLES, a/k/a JAY ROCK;
ROGER RACHON COOLEY; and
WYATT ANDREW PARISIEN

did knowingly combine, conspire, and agree with one or more persons, both known and unknown to the grand jury, to commit offenses against the United States, in violation of Title 18, United States Code, Section 1956(h), to wit: to knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, which involved the proceeds of a specified unlawful activity, that is, knowingly and intentionally distributing controlled substances: (a) with intent to promote the carrying on of the specified unlawful activity; and (b) knowing that the transaction is designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity;

In violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i);

10

## MANNER AND MEANS

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

1. JAMES WILLIAM QUARLES, a/k/a JAY ROCK, ROGER RACHON COOLEY, WYATT ANDREW PARISIEN, and co-conspirators, acquired oxycodone, a Schedule II controlled substance, outside of the District of North Dakota for distribution. The oxycodone was thereafter transported through, and distributed in, the District of North Dakota, and elsewhere, during the time frame of the conspiracy;

2. Members of the controlled substance distribution conspiracy organization would sell oxycodone, a Schedule II controlled substance, and currency would be collected and transferred from one person to another to continue the ongoing illegal activity; and

3. During the course of this conspiracy, persons known and unknown to the grand jury utilized money transfer services, such as MoneyGram, to wire and transfer proceeds of the illegal drug sales from North Dakota to Michigan, and elsewhere, with intent to disguise and conceal the nature, the location, the source, the ownership, and the control of the proceeds of the drug trafficking activity, and to promote and continue the distribution activity;

All in violation of Title 18, United States Code, Section 1956(h).

11

## COUNT EIGHT

**Kidnapping**

The Grand Jury Further Charges:

From in or about November 2018 through December 2018, in the Districts of North Dakota, Michigan, and elsewhere,

JAMES WILLIAM QUARLES, a/k/a JAY ROCK,

did knowingly, willfully, and unlawfully kidnap, abduct, carry away, seize, confine, and hold for some purpose or benefit, J.C., without her consent, and, in committing or in furtherance of the commission of the offense, used telecommunication devices, a means, facility, and instrumentality of interstate or foreign commerce;

In violation of Title 18, United States Code, Sections 1201(a)(1) and 2.

## COUNT NINE

**Interstate Communications with Intent to Extort**

The Grand Jury Further Charges:

From in or about November 2018 through December 2018, in the Districts of North Dakota, Michigan, and elsewhere,

JAMES WILLIAM QUARLES, a/k/a JAY ROCK,

individually, and by aiding and abetting, knowingly did transmit in interstate and foreign commerce from the State of Michigan to the State of North Dakota, telephonic communications to include text messages to James and Nancy Carlson, and the communication contained a demand and request for $4,000 money wire as ransom and reward for the release of J.C., who had been kidnapped;

In violation of Title 18, United States Code, Sections 875(a) and 2.

## COUNT TEN

**Tampering with a Witness, Victim, or Informant by Intimidation, Threats, Corrupt Persuasion, or Misleading Conduct**

The Grand Jury Further Charges:

From in or about August 2019, in the District of North Dakota,

JAMES WILLIAM QUARLES, a/k/a JAY ROCK,

individually, and by aiding and abetting, knowingly did and attempted to intimidate, corruptly persuade, and engage in misleading conduct towards J.C. by contacting J.C. by telephone about potential charges of Kidnapping and Interstate Communications with Intent to Extort with the intent to influence, delay, or prevent the testimony of J.C. in an official proceeding;

In violation of Title 18, United States Code, Sections 1512(b)(1) and 2.

14

## FORFEITURE ALLEGATION

The Grand Jury Further Finds Probable Cause That:

The allegations contained in paragraphs 1-10 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein for the purpose of forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(C).

Upon conviction of the offenses as set forth in Count One of this Indictment,

JAMES WILLIAM QUARLES, a/k/a JAY ROCK,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C), any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of such violation. The property to be forfeited includes, but is not limited to:

$3,396.16 in United States currency.

If any of the property described above, as a result of any act or omission of JAMES WILLIAM QUARLES, a/k/a JAY ROCK:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated

15

by Title 18, United States Code, Sections 982(b)(1) and 1028(g), and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

_____
Foreperson

_____
DREW H. WRIGLEY
United States Attorney

DMD/vt

JS 45 (Rev. 2/07 USAO)  Criminal Case Cover Sheet — U.S. District Court

**Place of Offense:**
County: Rolette

**Related Case Information:**
☐ Information   ☒ Indictment
☐ Superseding Inf.   ☐ Superseding Indictment

Docket Number  3:19-CR-137-01

Recommended Division Eastern

☒ Same Defendant   ☐ New Defendant

Explanation: See Place of Offense

Magistrate Judge Case  3:19-mj-262
Search Warrant Case
R 20/R 40 from District

**Defendant Information:**
Defendant Name: James William Quarles
Alias Name: Jay Rock
Address: Detroit, MI

Birthdate: 1979   Social Security Number: xxx-xx-8056   Sex: M   Alien
☐ Juvenile - Matter to be sealed
☐ Interpreter requested. Language and/or

**U. S. Attorney Information:**
USA/AUSA Dawn M. Deitz
Name of Agency FBI – Amy Chandler

**Location Status:**
☐ Not Arrested.   Requesting: ☐ Summons   ☐ Warrant
☐ Arrested On
☐ Pretrial Release As _____ by order _____
☒ Already in Federal Custody as of 8/12/19 in
☐ Already in State Custody in
☐ Detainer Filed on
☐ Fugitive

**U.S.C. Citations**
Total # of Counts: 5   ☐ Petty   ☐ Misdemeanor   ☒ Felony

| U.S. Code/Index Key | Description of Offense Charged/Statutory Maximum Penalties | Counts |
|---|---|---|
| 21 USC §§ 846 | Conspiracy to Possess with Intent to Distribute and Distribute a Controlled Substance (20 years/$1,000,000) | 1 |
| 18 USC §§ 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i) | Money Laundering Conspiracy (20 years/$250,000) | 7 |

| | | |
|---|---|---|
| 18 USC §§ 1201(a)(1) | Kidnapping (Life/$250,000) | 8 |
| 18 USC § 875(A) | Interstate Communications with Intent to Extort (20 years/$250,000) | 9 |
| 18 USC § 1512(b)(1) | Tampering with a Witness, Victim, or Informant by Intimidation, Threats, Corrupt Persuasion, or Misleading Conduct (20 years/$250,000) | 10 |
| 18 USC § 2 | Aiding and Abetting | 8, 9, 10 |
| 18 USC §§ 981(a)(1)(C), 982(b)(1), and 1028(g); 21 USC § 853(p); and 28 USC § 2461(c) | Forfeiture Allegation | |